876 F.2d 895
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward C. BICHON, Defendant-Appellant.
 No. 88-6288.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant Edward C. Bichon ("Bichon") appeals from the district court's order affirming the magistrate's revocation of his probation. Because Bichon failed to comply with the special condition of his probation that he pay all federal taxes due, plus penalties and interest within an eighteen month period, the magistrate committed him to the custody of the Attorney General for ninety days. For the reasons set forth below, we REVERSE.
 
 
 2
 On June 19, 1986, Bichon entered into a plea agreement with the United States and voluntarily pled guilty to ten counts of filing false statements with the Internal Revenue Service ("IRS"), a violation of 26 U.S.C. Sec. 7207. The district court ordered Bichon to serve a total sentence of one year: including thirty days to be served in custody; a suspended sentence for the time remaining; and a period to fulfill special conditions while under probationary supervision. Immediately after sentencing, Bichon paid his fine of $10,000.00 in full and served thirty days in custody. Bichon also met an additional term of the court's order by promptly filing his 1986 and 1987 federal, state and local tax returns.
 
 
 3
 The district court also instructed Bichon to "pay all back taxes, penalties and interest owed to the [IRS] during the first eighteen months of probation[ary] supervision." During this period, Bichon had his 1986 and 1987 federal tax refunds applied to his past due account and made several partial payments, all amounting to a reduction in his tax liability of $8,281.00. However, when the first eighteen months of his probationary period passed, Bichon retained a total tax liability of $11,405.54. As a consequence, proceedings to have the court revoke Bichon's probation were initiated.
 
 
 4
 At his revocation hearing on May 19, 1988, Bichon informed the magistrate that he had been able to arrange a loan which would enable him to pay his entire tax liability. The magistrate, however, continued the hearing; revoked Bichon's probation; and sentenced him to serve an additional ninety days in custody. On June 23, 1988, the magistrate rejected Bichon's motion for reconsideration and entered an order upholding the decision to revoke Bichon's probation. On June 27, 1988, Bichon paid his tax liability in full. Bichon then appealed to the district court, who affirmed the order of the magistrate on November 1, 1988. Bichon appealed to this court on November 9, 1988.
 
 
 5
 On appeal, Bichon argues that the magistrate improperly issued the May 19, 1988, order to revoke his probation and to sentence him to ninety days in custody. In view of the unique circumstances of Bichon's case; his payment of the $10,000.00 fine immediately after his June 19, 1986, sentencing; his payment of $8,281.00 towards his tax liability prior to his May 19, 1988, probation revocation hearing; and his promise to tender full payment immediately after his hearing; we agree that the May 19, 1988, order of the magistrate constituted an abuse of discretion.
 
 
 6
 Revocation of probation should only be ordered as a last resort when treatment of the offender has failed. See Gagnon v. Scarpelli, 411 U.S. 778, 785 (1973). A probationer should not be placed in custody merely because he lacks the financial resources to pay a fine. See Bearden v. Georgia, 461 U.S. 660, 674 (1983). Revocation of probation is only required if a probationer poses a risk to the community or must be returned to custody for necessary correctional treatment. See Gagnon, 411 U.S. at 783-84.
 
 
 7
 With the exception of his failure to pay his entire tax liability within the prescribed eighteen month time period, Bichon was a model probationer. He remained gainfully employed during the probationary period; supported his dependents; avoided criminal activity; refrained from the use of drugs or the abuse of alcohol; and met regularly with his probation officers. On numerous occasions, Bichon told his probation officers that he was having difficulty paying his entire tax liability in such a limited time period and requested an extension. During the prescribed eighteen months, Bichon, acting in good faith, paid 67% of his total criminal and civil liabilities or $18,281.00 to meet the special conditions of his probation. Thus, after reviewing the unique facts of this case, we have concluded that Bichon's failure to pay his entire tax liability within the prescribed eighteen month time period did not justify the magistrate's decision to impose the severe punishment of probation revocation and incarceration.
 
 
 8
 Accordingly, the order of the district court is REVERSED.